UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ERIC SCOTT KNOTTS                                CIVIL ACTION

VERSUS                                           NUMBER: 13-6442

STATE OF LA., ET AL.                             SECTION: "H"(5)


                    **REPORT AND RECOMMENDATION**

    Utilizing the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Eric Scott Knotts, has filed the above-captioned matter in forma pauperis ("IFP") against defendants, the State of Louisiana and the Parish of St. Tammany.

    Plaintiff is an inmate of the St. Tammany Parish Jail who indicates that he is awaiting trial on a charge of simple arson, as well as the revocation of his probation from a previous arson conviction, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana. By virtue of his present lawsuit, plaintiff challenges the effectiveness of the attorney who was appointed to defend him from the aforementioned charges which includes the failure to seek a lunacy hearing and a

pattern of brief consultations. Plaintiff seeks the Court's assistance in obtaining adequate representation in his criminal cases.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. <u>Caldwell v. Line</u>, 676 F.2d 494 (5th Cir. 1982); <u>Richardson v. Fleming</u>, 651 F.2d 366 (5th Cir. 1981); <u>Johnson v. Hardy</u>, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pretrial and post-conviction habeas proceedings. <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S.Ct. 1827 (1973); <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 225 (5th Cir.), <u>cert</u>. <u>denied</u>, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989),

cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Reading plaintiff's complaint with the liberality to which pro se pleadings are entitled, he alleges that he remains incarcerated due to the ineffectiveness of his court-appointed counsel, a habeas corpus issue which cannot be addressed until he has exhausted available state court remedies with respect to it. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994). On that score, plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved in this action or otherwise relating to his imprisonment. Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any viable §1983 claims are raised by plaintiff's complaint. As to the two named defendants, and for the reasons that follow, the Court answers that question in the negative. As for the State, the law is clear that

states are not considered to be "persons" within the meaning of §1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304 (1989).  The Eleventh Amendment bars suits against unconsenting states in federal court regardless of the nature of the relief sought.  <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908 (1984).

As for the Parish, in order to hold such a local governmental body liable for a constitutional violation, a plaintiff must allege that 1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and 2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference.  <u>See</u> <u>Olabisiomotosho v. City of Houston</u>, 185 F.3d 521, 528-29 (5th Cir. 1999).  No such allegations have been pled by plaintiff.  Moreover, under <u>Younger v. Harris</u>, 401 U.S. 37, 45, 91 S.Ct. 746, 751 (1971), federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state criminal proceedings absent a showing that the proceedings were brought in bad faith, for harassment purposes, or under other extraordinary circumstances.  That being the case, plaintiff's §1983 claims against the State and the Parish should be dismissed as frivolous and for failure to state a claim

4

under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).  Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  25th  day of   November   , 2013.

```
                              _____
                                   ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE
```